ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO, Peticionaria, v. LUIS ANTONIO CAMPOS COLÓN, Recurrida. | TA2025CE00327 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce. Criminal núm.: J VI2025G0009-0010, J LA2025G0140-0142, J LE2025G0214-0216. Sobre: Art. 93 (asesinato 1er grado, inciso A). |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

La parte peticionaria, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, instó el presente recurso de *certiorari* el 21 de agosto de 2025, con el fin de que expidamos el auto solicitado y revoquemos la *Resolución* emitida y notificada el 9 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante el referido dictamen, el foro primario declaró con lugar la solicitud del acusado, señor Luis A. Campos Colón (señor Campos), a los efectos de que las causas criminales en su contra fueran atendidas en dos salas diferentes del tribunal; a decir, que las acusaciones por violencia doméstica fueran atendidas en la sala especializada, y las acusaciones por asesinato e intento de asesinato fueran atendidas en la sala superior ordinaria. Ello, a pesar de que todas las acusaciones están relacionadas entre sí y surgen de una cadena de hechos en común.

Inconforme con dicho dictamen, el Ministerio Público, por conducto de la Oficina del Procurador General instó este recurso.

Examinado el recurso, así como la oposición a su expedición presentada por el señor Campos, este Tribunal expide el auto de *certiorari*

y revoca la *Resolución* emitida por el foro primario, y ordena la consolidación de todas las causas criminales.

I

El 6 de mayo de 2023, el Ministerio Público presentó tres denuncias en contra del señor Campos, por hechos ocurridos el 22 de abril de 2023, 1 de mayo de 2023, y 3 de mayo de 2023, constitutivos de varias infracciones a la Ley Núm. 54 de 15 de agosto de 1989, *Ley para la Prevención e Intervención con la Violencia Doméstica,* 8 LPRA sec. 601-664[1].

Las denuncias leen como sigue:

J1VP202500358 (Delito Grave)
Hechos: 22 de abril de 2023
Art. 3.3 Ley 54, *Maltrato mediante amenaza*, 8 LPRA sec. 633.

El referido acusado, el Sr, Luis Antonio Campos Colón, en la fecha, hora y lugar antes indicado y en Santa Isabel, Puerto Rico, que forma parte de la jurisdicción del Tribunal De Primera Instancia de Puerto Rico, sala superior de Ponce, ilegalmente y con la intención criminal incurrió en acto de amenaza contra la Sra. Jennirma Vega Maldonado, quien fue su pareja consensual, consistente en que **mediante llamada telefónica le dijo: "Te voy a matar, me voy a vengar por meterme preso"**.

J1VP202500359 (Delito Grave)
Hechos: 1 de mayo de 2023
Art. 3.1 Ley 54, *Maltrato*, 8 LPRA sec. 631.

El referido acusado, el Sr, Luis Antonio Campos Colón, en la fecha, hora y lugar antes indicado y en Santa Isabel, Puerto Rico, que forma parte de la jurisdicción del Tribunal De Primera Instancia de Puerto Rico, sala superior de Ponce, ilegalmente y con la intención criminal, empleó fuerza física para causarle daño a la Sra. Jennirma Vega Maldonado, quien fue su pareja consensual, **consistente en que le dio una bofetada en el lado izquierdo de la cara**.

J1VP202500360 (Delito Grave)
Hechos: 3 de mayo de 2023
Art. 3.3 Ley 54, *Maltrato mediante amenaza*, 8 LPRA sec. 633.

El referido acusado, el Sr, Luis Antonio Campos Colón, en la fecha, hora y lugar antes indicado y en Santa Isabel, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, sala superior de Ponce, ilegalmente y con la intención criminal, incurrió en acto de amenaza contra la Sra. Jennirma Vega Maldonado, quien fue

---

[1] *Véase*, apéndice 3 del recurso; entrada 1 de SUMAC TA, páginas 1-3.

su pareja consensual, consistente en que **mediante llamada telefónica le dijo: "Si no vuelves conmigo te mato"**.

(Mayúsculas omitidas, énfasis nuestro)[2].

El Tribunal de Primera Instancia encontró causa probable para su arresto por las referidas infracciones a los Artículos 3.1 y 3.3 de la Ley Núm. 54-1989 y fijó una fianza global de $225,000.00.

Tres meses después, el 9 de agosto de 2023, el Ministerio Público presentó seis denuncias adicionales en contra del señor Campos, por hechos ocurridos el **6 de mayo de 2023**[3], a las 12:50 de la madrugada, constitutivos de violaciones al Art. 93(a) y Art. 93, en grado de tentativa, del Código Penal de Puerto Rico de 2012, 33 LPRA sec. 5142, y cuatro violaciones a la Ley Núm. 168-2019, intitulada *Ley de Armas de Puerto Rico de 2020*, 25 LPRA sec. 461-467*l*.

Las denuncias leen como sigue:

J1VP202500380 (Delito Grave)
Art. 93A Código Penal, Asesinato Primer Grado, 33 LPRA sec. 5142.

El referido acusado, Luis Antonio Campos Colón, allá en o para el día de 6 de mayo de 2023 y en Santa Isabel Puerto Rico que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, sala de Ponce **a propósito y con conocimiento, dio muerte al ser humano José Alberto Santiago Sánchez, consistente en que le realizó varios disparos, ocasionándole la muerte**.

J1VP202500381 (Delito Grave)
Arts. 93A [y 35] Código Penal, Tentativa de Asesinato Primer Grado, 33 LPRA secs. 5142 [y 5048].

El referido acusado, Luis Antonio Campos Colón, allá en o para el día de 6 de mayo de 2023 y en Santa Isabel Puerto Rico que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, sala de Ponce **a propósito y con conocimiento realizó actos inequívocamente dirigidos a ocasionarle la muerte a la Sra. Jennirma J. Vega Maldonado, consistente en que utilizando un arma de fuego realizó varias detonaciones con un arma de fuego. Hiriendo a la Sra. Vega Maldonado en la rodilla izquierda y muslo izquierdo. Hechos no consumados por circunstancias ajenas al aquí acusado**.

J1VP202500382 (Delito Grave)
Art. 6.05 Ley de Armas, Portación, Transportación o Uso de Armas de Fuego sin Licencia, 25 LPRA sec. 466d.

---

[2] *Véase*, apéndice 3 del recurso; entrada 1 de SUMAC TA, páginas 1-3.

[3] El 6 de mayo de 2023, se ordenó el arresto del señor Campos por los delitos de la Ley 54-1989. *Véase*, apéndice 3 del recurso, entrada 1 de SUMAC TA, páginas 4-15.

El referido acusado, Luis Antonio Campos Colón, allá en o para el día de 6 de mayo de 2023 y en Santa Isabel Puerto Rico que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, sala de Ponce ilegal, voluntaria, maliciosa y criminalmente, **portó y utilizó un arma de fuego, cargada, sin tener al efecto una licencia expedida por el jefe de la Policía de Puerto Rico consistente en que la utilizó para darle muerte al Sr. José Alberto Santiago Sánchez**.

J1VP202500383 (Delito Grave)
Art. 6.05 Ley de Armas (Ley 168), Portación, Transportación o Uso de Armas de Fuego sin Licencia, 25 LPRA sec. 466d.

El referido acusado, Luis Antonio Campos Colón, allá en o para el día de 6 de mayo de 2023 y en Santa Isabel Puerto Rico que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, sala de Ponce **ilegal, voluntaria, maliciosa y criminalmente, portó y utilizó un arma de fuego, cargada, sin tener al efecto una licencia expedida por el jefe de la Policía de Puerto Rico consistente en que la utilizó en la comisión del delito de tentativa de asesinato contra la Sra. Jennirma Vega Maldonado**.

J1VP202500384 (Delito Grave)
Art. 6.14 Ley de Armas (Ley 168), Disparar o Apuntar Armas de Fuego, 25 LPRA sec. 466m.

El referido acusado, Luis Antonio Campos Colón, allá en o para el día de 6 de mayo de 2023 y en Santa Isabel Puerto Rico que forma parte de la jurisdicción del Tribunal De Primera Instancia de Puerto Rico, sala de Ponce **ilegal, voluntaria, maliciosa y criminalmente, disparó con un arma de fuego hacia el Sr. Jos[é] Alberto Santiago Sánchez, fuera de los lugares autorizados en ley provocándole la muerte, sin ser un caso de legitima defensa de terceros, ni actuaciones en el desempeño de funciones oficiales ni actividades legitimas de deportes**.

(Mayúsculas omitidas; énfasis nuestro)[4].

El tribunal encontró causa probable para arresto en la totalidad de estos nuevos cargos, por lo cual se emitió, ese mismo 9 de agosto de 2023, una segunda orden de arresto contra el señor Campos y se le impuso una fianza total de $2,500,000.00.

En lo pertinente a la controversia ante nuestra consideración, el 14 de marzo de 2025, el Ministerio Público presentó una moción en solicitud de consolidación de los casos, en la cual planteó que estos estaban intrínsecamente conectados[5]. Solicitó que el tribunal consolidara todos los casos para que fueran atendidos en conjunto en la etapa de vista

---

[4] *Véase*, apéndice 3 del recurso, entrada 1 de SUMAC TA, páginas 4-15.

[5] *Íd.*, apéndice 4, página 1.

preliminar. El Ministerio Público sostuvo que los eventos imputados en las denuncias estaban vinculados, pues eran parte de un evento continuo relacionado a violencia doméstica, y que, en todos los casos, la señora Jennirma Vega Maldonado era la parte perjudicada y testigo. La referida moción fue declarada **con lugar** el 25 de marzo de 2025.

Inconforme con la decisión del Tribunal de Primera Instancia, el señor Campos presentó ante este foro un recurso discrecional de *certiorari* y solicitó que se revocara la orden de consolidación emitida.

El 30 de abril de 2025, este foro emitió una *Resolución*[6]*,* mediante la cual denegó la expedición del auto de *certiorari*, por lo que se mantuvo en vigor la consolidación autorizada por el foro primario en etapa de vista preliminar[7].

La vista preliminar fue celebrada el 19, 20, y 27 de mayo de 2025. En la primera fecha, se notificó la renuncia del señor Campos a la celebración de la vista preliminar respecto a los cargos de violencia doméstica, lo que provocó la presentación de los pliegos de renuncia correspondientes, su aceptación por el Tribunal de Primera Instancia y la determinación de causa probable para acusar por dichos cargos, citándose para la lectura de acusación y juicio en las fechas automáticas.

Ese mismo 19 de marzo de 2025, comenzó la vista preliminar por los restantes cargos por violaciones al Código Penal y a la Ley de Armas. Esta continuó el 20 y 27 de mayo de 2025. En esta última fecha, el tribunal determinó causa probable para acusar por la violación al Art. 93 del Código Penal, por tentativa del mismo artículo, así como por los Artículos 6.05 y 6.14(a) de la Ley de Armas, aunque no encontró causa en cuanto a uno de los cargos de la Ley de Armas.

El 3 de junio de 2025, el Ministerio Púbico radicó las acusaciones correspondientes a la totalidad de los cargos, en las causas previamente consolidadas. No obstante, los cargos relacionados con violaciones a la

---

[6] Nos referimos al recurso KLCE202500401.

[7] *Véase*, apéndice 5 del recurso, entrada 1 de SUMAC TA, páginas 15-16.

Ley Núm. 54-1989 fueron referidos a la Sala Especializada de Violencia Domestica (Sala 501), mientras que los cargos restantes fueron asignados a la Sala 506[8]. Dicha determinación tuvo como consecuencia la separación de las causas criminales, que ya habían sido consolidadas desde la etapa de vista preliminar. Ante ello, el Ministerio Público solicitó que todos los cargos fueran trasladados a una misma sala para su trámite conjunto, conforme a la consolidación original.

El 9 de junio de 2025, el Tribunal de Primera Instancia emitió una *Resolución* en la que interpretó que la decisión de este foro en su *Resolución* del 25 de marzo de 2025 solo había tenido efectos vinculantes en la etapa de vista preliminar, según había sido solicitado y atendido por el foro primario[9].

El 10 de junio de 2025, el señor Campos presentó una moción en oposición a la consolidación de los casos. Argumentó que su renuncia a la vista preliminar respecto a los cargos de la Ley Núm. 54-1989 había provocado la separación de los cargos restantes, por lo que, a su juicio, correspondía una nueva solicitud de consolidación[10].

Por su parte, en su réplica, el Ministerio Público sostuvo que la renuncia únicamente le relevaba de presentar prueba en la vista preliminar y no justificaba la separación de los casos[11].

El 14 de julio de 2025, el Ministerio Público presentó una urgente moción de reconsideración[12], a la cual la defensa se opuso el 18 de julio de 2025[13]. Evaluadas las mociones, el 21 de agosto de 2025, el foro primario

---

[8] Ese mismo día, se celebró la lectura de acusación en la Sala 506, donde se leyeron las cinco acusaciones por violaciones al Código Penal y a la Ley de Armas, mientras que las tres acusaciones por violaciones a la Ley Núm. 54-1989, las cuales debían haberse presentado inicialmente en la Sala 501 (especializada en casos de violencia domestica), fueron también leídas en horas de la tarde en la Sala 506.

[9] *Véase*, apéndice 2 del recurso, entrada 1 de SUMAC TA, página 9.

[10] *Íd.*, apéndice 6, entrada 1, página 2.

[11] *Íd.*, apéndice 7, entrada 1, página 2.

[12] *Íd.*, apéndice 9, entrada 1.

[13] *Íd.*, apéndice 10, entrada 1.

notificó una *Resolución* enmendada, mediante la cual denegó la solicitud de reconsideración del Ministerio Público[14].

Inconforme, el Ministerio Público, por conducto de la Oficina del Procurador General, incoó este recurso de *certiorari* el 21 de agosto de 2025, y planteó la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al determinar que la renuncia a unos cargos en la etapa de vista preliminar tuvo el efecto de separar a estos de otros cargos a los cuales previamente habían sido consolidados.
>
> Erró el Tribunal de Primera Instancia al concluir que la Resolución emitida por este Augusto Foro en el caso número KLCE202500401 no determinó la finalidad y firmeza de la orden de consolidación de todos los cargos emitida por el foro primario previamente.

El 29 de agosto de 2025, el señor Campos Colón presentó su oposición a la expedición de este recurso[15].

Evaluados los argumentos de ambas partes, resolvemos.

II

A

La *Ley de la Judicatura*, Ley Núm. 201-2003, según enmendada, dispone en su Art. 4.006(b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y(b).

Así, el auto de *certiorari* constituye el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Este recurso procede para revisar errores de derecho en lo procesal y en lo sustantivo. *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Ahora bien, distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por

---

[14] Véase, apéndice 11 del Certiorari (Entrada 1 de SUMAC).

[15] Véase, Oposición al Certiorari (Entrada 5 de SUMAC).

tratarse ordinariamente de asuntos interlocutorios. *Negrón v. Secretario de Justicia*, 154 DPR 79, 91 (2001).

Como foro apelativo nos corresponde evaluar la corrección y razonabilidad de la decisión recurrida y la etapa del procedimiento en que se produce, para determinar si es el momento apropiado para nuestra intervención. Al analizar la procedencia de un recurso de *certiorari*, debemos tener presente su carácter discrecional, que debe ser ejercido con cautela y solamente por razones de peso. *Íd.* Véase, además, *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 91 (2008).

De otra parte, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa

etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR, a la pág. 97.

B

A tenor con lo dispuesto en las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, corresponde examinar el marco normativo que rige la acumulación y separación de causas.

La Regla 89 confiere al foro primario la facultad de decretar que dos o más acusaciones o denuncias se ventilen de manera conjunta, siempre que los delitos y los acusados, de haber varios, pudieran haberse incluido en una sola acusación por provenir de un mismo acto, transacción o plan común. 34 LPRA Ap. II, R. 89. Esta disposición responde a la política pública de nuestro ordenamiento, en la medida en que la acumulación de causas promueve la economía procesal y evita la duplicidad de juicios. *Véase*, E.L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1995, Vol. III, sec. 25.2A, pág. 194.

Por su parte, la Regla 37 regula los parámetros aplicables a la acumulación de delitos y acusados en una misma acusación o denuncia. Conforme a esta norma, el tribunal puede imputar dos o más delitos dentro de la misma acusación, en cargos separados para cada uno, siempre que los delitos sean de igual o similar naturaleza, hayan surgido del mismo acto o transacción, o deriven de actos o transacciones relacionadas entre sí o que formen parte de un plan común. 34 LPRA Ap. II, R. 37. Así mismo, las alegaciones de un cargo podrán incorporarse en los demás cargos por referencia. *Íd.* De este modo, se garantiza que el tribunal pueda examinar en su integridad hechos conexos, promoviendo la economía procesal sin menoscabo de los derechos de los acusados.

Ahora bien, aun cuando nuestro ordenamiento jurídico favorece la consolidación de acusaciones en un solo juicio, esta facultad no es absoluta. La Regla 90 dispone que, cuando se demuestre que la

acumulación de cargos puede causar perjuicio a alguna de las partes, el tribunal debe decretar la separación de los juicios o conceder el remedio que en justicia corresponda. 34 LPRA Ap. II, R. 90. Así pues, **corresponde a quien solicite la separación de procedimientos acreditar el perjuicio que representa dicha acumulación**. *Pueblo v. Virkler*, 172 DPR 115, 128 (2007).

Recalcamos que la parte que solicita la separación de causas debe demostrar que la duplicación de vistas derivadas de los mismos hechos provocaría serias inconveniencias, tanto para el Estado como para las personas afectadas. *Íd.*, a la pág. 125. *Véase*, además, E.L. Chiesa Aponte, *op. cit.*, pág. 187.

Por su parte, la Regla 93 establece el procedimiento formal y los términos para solicitar la acumulación o separación de causas criminales. La referida regla dispone que la solicitud para la acumulación o separación de causas al amparo de la Regla 89 deberá presentarse por escrito, con no menos de veinte (20) días de antelación al juicio, y expresará las razones en las que se funda. 34 LPRA Ap. II, R. 93. No obstante, el tribunal podrá permitir, por causa justificada, que dicha solicitud se presente en cualquier momento antes de ser llamado el caso para juicio. *Íd.*

III

La Ley de la Judicatura, Ley Núm. 201-2003, según enmendada, nos autoriza explícitamente a intervenir en este asunto. Además, nuestra Regla 40, 4 LPRA Ap. XXII-B, nos impone la obligación de intervenir en esta controversia, pues concluimos que, en este caso en particular: (1) ha mediado error craso y manifiesto de parte del foro primario; (2) la etapa del procedimiento en que se ha instado este recurso es la más propicia para su consideración; (3) la expedición del auto no causa un fraccionamiento indebido del pleito, ni una dilación indeseable en la solución final del litigio; y, más importante aún, (4) la expedición del auto y la revocación de la determinación del foro primario evita un fracaso de la justicia.

Conforme discutido, el Pueblo de Puerto Rico, a través del Ministerio Público, y por conducto del Procurador General, aduce que el Tribunal de Primera Instancia erró al concluir que la renuncia de la defensa a la vista preliminar en determinados cargos de violencia doméstica produjo, por sí sola, la separación procesal de estos respecto de los demás cargos consolidados. Alega, además, que el foro primario interpretó de manera incorrecta el alcance de la orden de consolidación, al limitarla indebidamente a la etapa preliminar, y que conforme a tal razonamiento se exigía al Ministerio Público presentar nuevamente una solicitud de acumulación para la celebración de un solo juicio.

A su vez, el señor Campos sostiene que la separación de causas no fue consecuencia de su renuncia a vista preliminar respecto a los cargos de la Ley Núm. 54-1989, sino a la conclusión del foro primario de que la consolidación ordenada carecía de efecto más allá de la etapa preliminar. Aduce además que, si el Ministerio Público estimaba que los juicios debían celebrarse conjuntamente, le correspondía presentar una nueva solicitud en la fase de juicio.

En primer lugar, cabe destacar que el Ministerio Público solicitó la consolidación de las causas criminales contra el señor Campos antes de la celebración de la vista preliminar. El Tribunal de Primera Instancia accedió a dicha solicitud al constatar que se trataba de una secuencia de hechos ocurridos en estrecha proximidad temporal y cuyos delitos estaban intrínsecamente vinculados entre sí. Más aún, la finalidad primordial de la consolidación es evitar que la presunta víctima sobreviviente, señora Vega Maldonado, tenga que enfrentarse a dos procesos judiciales distintos: el primero, en calidad de parte perjudicada por los actos de violencia doméstica; y el segundo, como testigo del asesinato de su pareja consensual y como víctima de la tentativa de asesinato en su contra.

Luego de que el Tribunal de Primera Instancia ordenara la consolidación de las causas y este Tribunal de Apelaciones denegara la expedición del auto de *certiorari* presentado por el señor Campos, este

renunció a la vista preliminar en cuanto a los cargos de violencia doméstica. Fue en esa etapa que el tribunal, al asignar los cargos a las salas que consideró pertinentes, dispuso la separación de las causas criminales que ya habían sido consolidadas en la vista preliminar.

En el presente caso, no existe controversia en cuanto a que el señor Campos no presentó moción alguna para la separación de los cargos, conforme a lo dispuesto en la Regla 93, 34 LPRA Ap. II, R. 93, ni tampoco demostró arbitrariedad o error, ni abuso de discreción del foro primario, que justificara la división de las causas criminales. Nunca articuló un daño particular que la consolidación de los casos conllevara para él y su defensa adecuada. El único acto procesal realizado por el recurrido fue la renuncia a la celebración de vista preliminar respecto a los cargos por violación a las disposiciones de la Ley Núm. 54-1989.

Tal como sostiene el Ministerio Público en su recurso, y según consta en la *Resolución* de este Tribunal en el recurso KLCE202500401, una vez advino final y firme dicho pronunciamiento, todos los cargos que pesaban contra el señor Campos quedaron consolidados en un único proceso criminal. Es decir, la consolidación decretada por el Tribunal de Primera Instancia, no revocada por este foro, adquirió carácter definitivo. Solo mediante la presentación de una moción de separación debidamente fundamentada y dentro del término reglamentario podría haberse modificado dicha determinación.

Adicionalmente, opinamos que avalar la interpretación del foro primario tendría efectos nocivos sobre la economía procesal, y crearía un precedente que permitiría a la defensa valerse de la renuncia a la vista preliminar como instrumento para fragmentar procesos penalmente conexos, sin cumplir con los requisitos sustantivos y formales de las Reglas 90 y 93 de Procedimiento Criminal. 34 LPRA Ap. II, R. 90 y R. 93.

En virtud de lo antes expuesto, sostenemos que sería un fracaso a la justicia inferir que la consolidación de los cargos decretada por el Tribunal de Primera Instancia se limitaba únicamente a la etapa de vista preliminar.

Máxime cuando nos encontramos ante un caso en el que la separación de cargos se funda únicamente en un acto administrativo, sin considerar el perjuicio que tal decisión ocasiona a la presunta víctima, quien participa en el proceso tanto en su carácter de víctima de los delitos, como en su carácter de testigo de los hechos, que culminaron en la muerte de su pareja consensual. Mantener la consolidación es, por tanto, necesario para garantizar la integridad del proceso y la protección de los derechos de la presunta víctima, mientras se respeta el derecho del acusado señor Campos a un proceso justo e imparcial.

IV

Por los fundamentos que anteceden, expedimos el auto de *certiorari,* revocamos la *Resolución* emitida y notificada por el foro primario el 9 de julio de 2025, y dejamos sin efecto la paralización de todos los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Ponce, salones de sesiones 501 (Sala Especializada de Violencia Doméstica) y 506.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones